HELLYER v. TRENTON CITY BRIDGE CO.

(Circuit Court, E. D. Pennsylvania. December 19, 1904.)

No. 69.

1. BRIDGES—INJURY OF PERSON FROM DEFECT—LIABILITY OF BRIDGE COMPANY.
   An instruction that a bridge company is liable for an injury resulting to a person crossing its bridge without negligence, from a defect in the bridge, whether it had notice of the defect or not, is too broad, even under the Pennsylvania rule, and properly refused, where it makes no exception as to the cause of the defect.

2. DAMAGES—AMOUNT—PROVINCE OF JURY.
   Damages awarded by a jury for a personal injury on conflicting evidence *held* not so insufficient as to justify the granting of a new trial.

At Law. On motion for new trial.

H. W. Scarborough, for plaintiff.

A. T. Ashton, for defendant.

J. B. McPHERSON, District Judge. The defendant was charged with negligence in failing to keep the carriageway of its bridge in repair, in consequence whereof the plaintiff was thrown from his bicycle and suffered injury in the fall. The verdict was for the plaintiff, but in so small an amount that he asks for a new trial, arguing, inter alia, that the court erred in matter of law by refusing to instruct the jury as requested by his second point. The point is as follows:

"If you find that this accident was caused by a defective plank or hole in the floor of the bridge, and also that the plaintiff was himself not guilty of negligence, then the plaintiff is entitled to recover, even though the defendant had no notice of the defect."

This request is intended to follow the two cases of Pennsylvania & Ohio Canal Co. v. Graham, 63 Pa. 290, 3 Am. Rep. 549, and Bridge Co. v. Jackson, 114 Pa. 321, 6 Atl. 128; but an examination of these decisions will show, I think, that the point is probably too broadly drawn. The doctrine of these cases is thus stated by Mr. Justice Sharswood in Canal Co. v. Graham, on page 297, 63 Pa., 3 Am. Rep. 549:

"Where a corporation, in consideration of the franchise granted to it, is bound by its charter to keep a road or bridge in repair, it is liable for any injury to a person, arising from want of repair, whether the defect be patent or latent, unless he be in default, or unless the defect arose from inevitable accident, tempest, or lightning, or the wrongful act of some third person, of which they had no notice or knowledge. It matters not that ordinary care was used in the erection or repair of it, and that such work was done under contract, by competent workmen."

Assuming this rule to be correct, I think it is clear that the point ignores the possibility that the defect in the bridge may have been due to some one of the excepted causes referred to by the court, and asks an unqualified instruction that whatever may have caused the defect in the plank or the hole in the floor of the bridge the defendant was liable, although it may have had no notice of the defect. I have considered again the answer of the court to this point, and am not convinced that the reason there given for the refusal was wrong. Under some circumstances, I think that the company would not be liable unless it had either actual or constructive notice of the defect.

But it is unnecessary to discuss the subject further. The jury found in favor of the plaintiff, as I have already said, and of necessity, therefore, determined that the defendant had been negligent in the discharge of its duty to repair. It follows that the correctness of the court's answer to the second point ceased to be important, for an affirmance could have had no more favorable result than to lead the jury to the conclusion that the plaintiff was entitled to recover a verdict in some amount at least, and to this conclusion the jury came under the instructions in the general charge. What is really complained of is the smallness of the verdict, but for this grievance I find myself unable to afford the plaintiff any redress. The amount of the damage that he suffered was a much disputed question on the trial, and the

facts relevant to this subject were within the province of the jury to determine. I should not be justified in setting the verdict aside. merely because I should myself have inclined to name a somewhat larger sum.

The motion for a new trial is refused, and judgment is directed to be entered upon the verdict.